OPINION OF THE COURT
Memorandum.
The order of the Appellate Division insofar as appealed from should be modified, with costs, so as to direct the respondent commissioner to refund the petitioner’s 1980 subscribers the amounts by which they were overcharged for their contributions to petitioner’s plan in 1980. The case should be remitted to the Supreme Court, Erie County, for the entry of judgment consistent with this memorandum.
The petitioner, Health Care Plan, Inc., is a health maintenance organization which is authorized to offer an optional benefit health insurance plan for State employees. Pursuant to law the State is obligated to pay a prescribed portion of the subscriber’s cost (see Civil Service Law, § 167, subd 1; US Code, tit 42, § 300e-9, subd [a], par [1]; 42 CFR 110.808 [a]; 110.801). In this article 78 proceeding the petitioner contends that in 1980 the State contributed less than the law provides, and accordingly imposed excess charges on the. public employees who subscribed to the *816 plan. Petitioner requested that the court direct the Commissioner of Civil Service, the official responsible for assessing and remitting the respective contributions, to increase the State’s contribution and correspondingly reduce employee contributions in such amounts as may be necessary to adjust the disparity, and such other relief as may be just. Petitioner also sought reimbursement for counsel fees.
The Supreme Court granted the petition to the extent of directing the commissioner to pay the contested amounts to petitioner noting that petitioner should “be allowed to pass [its] saving” on to its subscribers. The request for counsel fees was denied.
On cross appeals the Appellate Division found that the petitioner had standing, and that the State had overcharged petitioner’s subscribers as alleged. The court held, however, that petitioner “is aggrieved only to the extent that respondent’s acts may have discouraged employees from enrolling or remaining in its plan. It has otherwise received either from its members or from the State the full premium to which it was entitled for the year 1980. No direction of further payment to HCP should be made” (92 AD2d, p 149). Thus the court modified by denying any relief by way of reimbursement to petitioner or those subscribers who had not personally joined in the suit.
Petitioner has appealed from the modification. It contends that the Appellate Division’s decision is inconsistent insofar as it recognized petitioner’s standing to contest the overcharge to its subscribers, as well as the merit of its contention, but denied any reimbursement, directly or through petitioner, to those subscribers who did not personally join in the suit. The State recognizes the right of all the subscribers to obtain reimbursement for the excess contributions they made in 1980, but disputes the right of the petitioner itself to recover the overcharges which it “may”, but need not, pass on to its subscribers as the Supreme Court held.
Under the circumstances we can see no sufficient reason why the commissioner should not be directed to make the reimbursement directly to those subscribers who in fact were overcharged in 1980. In our view that would consti *817 tute just relief consistent with the petition and the finding that petitioner has standing to bring the suit. In addition we note that petitioner has expressed a willingness to accept this relief as an appropriate means to restore its competitive position, which the Appellate. Division recognized may have been injured by the commissioner’s prior actions.
We have considered the petitioner’s other contentions and find that they are without merit, including the contention that mandamus should be available to compel the commissioner to compute the respective contributions in accordance with 42 CFR 110.808 [g] (see Matter of Suffolk Outdoor Adv. Co. v Town of Southampton, 60 NY2d 70).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order modified, with costs to appellant, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.