MINDICH DEVELOPERS, INC., Plaintiff,

v.

Frederick J. HUNZIKER, Jr., Salvatore L. Caraccio, John L. Alfano, Patricia T. Levine, Patrick M. LoRusso, Myron Weinberg and the City of Rye, Defendants.

No. 84 Civ. 5380 (CLB).

United States District Court, S.D. New York.

Dec. 2, 1985.

Wayne Rubin, Rende Ryan & Downes, White Plains, N.Y., for plaintiff.

Audrey Rogers, Siff & Newman, P.C., New York City, for defendants.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff moves for partial summary judgment on the issue of liability only, against defendants, governing officials of the City of Rye, and the City itself. The motion is based on the theory that the plaintiffs are collaterally estopped as a matter of law by a judgment, described below, of the Supreme Court of the State of New York between the parties, from defeating liability in this case.

Because the Court concludes that defendants are collaterally estopped, both on the

issue of whether they deprived plaintiff of its rights without due process of law, and on the further issue of whether they failed to act with such a degree of good faith as to be entitled to qualified immunity for such conduct, the Court grants the motion.

The Supreme Court of the United States, in an effort to stem the horrendous flow of civil rights litigation in the wake of *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960), established a new rule in its decision in *Migra v. Warren City School District, Board of Education, et al.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). The rule of *Migra* essentially holds that by reason of the Constitution's Full Faith and Credit Clause, as implemented by 28 U.S.C. § 1738, this Court must "give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra* at 81, 104 S.Ct. at 896. In *Migra* the Supreme Court mentioned as inconsistent with its determination the prior decision of our Court of Appeals in *Lombard v. Board of Education of the City of New York*, 502 F.2d 631 (2d Cir.1974), *cert. denied* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975).[1] Recently, in *Genova v. Town of Southampton*, 776 F.2d 1560 (2d Cir.1985), a panel of our Court of Appeals, applied defensive issue preclusion to a prior Article 78 Proceeding between the parties in the New York court. The New York courts had held against the appellant on factual issues that were central to the constitutional claim he had brought in federal court. Our Court of Appeals accordingly affirmed the dismissal of the appellant's § 1983 claim and held that:

"Under *Migra*, appellant may not relitigate these factual issues in a federal forum if New York law would bar him from doing so in a subsequent suit in state court. See also *Allen v. McCurry*, 449 U.S. 90 [101 S.Ct. 411, 66 L.Ed.2d 308] (1980)."

Applying the rule of *Migra* to a New York judgment, as we must in this case, this Court finds that New York uses a transactional test for resolving issues of *res judicata* and collateral estoppel, and regards all of those factual and legal issues arising out of the facts of the transaction sued on, which were raised or could have been raised, as merged in the final judgment of a court of record. All such issues are thereby precluded, regardless of the identity of the legal theory or theories relied on in the prior action, or the later action. *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981).

■ We must now advert to the facts of this particular case, as were found in prior unreported state court litigation, affirmed by Memorandum Order in *Mindich Developers, Inc. v. Hunziker*, 105 A.D.2d 749, 481 N.Y.S.2d 402 (2d Dept.1984).

It is not seriously disputed for purposes of this motion that plaintiff owned a parcel of vacant property in the City of Rye. This parcel had frontage and a clear legal right of access onto a residential street known as Captain's Lane, and also on Rye Road, a more heavily traveled highway. Plaintiff purchased the property on August 6, 1982 intending to develop the parcel for single-family residence purposes. As such an owner of property, Mindich was entitled, upon compliance with all of the applicable state and local regulatory codes and procedures, to obtain a permit and approval for subdivision of the property and for construction of single-family residences thereon.

After an unsuccessful application for a variance to the Board of Appeals which was rejected on August 5, 1982, and which need not concern us, the plaintiff submitted fully conforming plans to the Building Department of the City of Rye on March 28, 1983. On April 4, 1983 the Board of Architectual Review of the City of Rye, approved the plaintiff's plans. It was clear at

---

**1.** In *Lombard* the Court of Appeals declined to apply principles of claim preclusion in a federal question case to Constitutional claims not actually pleaded or tried in the prior state court litigation. *Lombard* at 636.

all times thereafter that because the plans submitted were in compliance with the Rye City Code and had been approved by the Board of Architectural Review, the Building Inspector should have granted a building permit for a house. No approval on the part of defendants was required.

The record on appeal in the Supreme Court of the State of New York, Appellate Division, Second Department in *Mindich Developers, Inc. v. Hunziker, et al.*, Westchester Co.Sup.Ct. Index No. 11988–83 was docketed in this action on September 27, 1985. All defendants herein were parties to that Article 78 Proceeding. The Hon. W. Denis Donovan, Justice of the Supreme Court, made the following findings of fact in that case, among others:

"Petitioner [Mindich Developers, Inc.] has met all requirements imposed by local laws including gaining approval of the latest building plans which are in total conformity with all zoning requirements and require no variances and which have been approved by the Architectural Review Board. Under such conditions the Building Inspector has little, if any, discretion but to do that which the law imposes on him, i.e., issue the permit. Under pressure from a highly vocal homeowners' association in the area which had taken rather extreme steps to block the construction of this contemporary home ... the City Council [defendants Hunziker, et al.] has directed the building inspector not to issue a permit on spurious grounds of 'traffic hazard'. Even assuming, without deciding, that the City Council has such power in the face of a lack of local ordinance prescribing the lead agency for a determination, the Council had no factual basis for such a conclusion. It relied on a 1982 decision of its Planning Board when petitioner sought a permit for a different set of plans requiring variances. A reading of that decision denying the earlier application on several grounds only one of which was traffic safety considerations, fails entirely to indicate any facts or studies for that particular conclusion and seems then, as does the action of the Council now, to be a complete capit-

ulation to the resistance of surrounding homeowners, a resistance based on fears of diminished property values (similarly entirely unfounded) and the aesthetic objections of a next door neighbor. Indeed, the demands of the neighbor and docile alternative proposed by the Council to face the proposed home and driveway on a different busier street at the mouth of an intersection at the end of a curve appears to this Court to present a greater hazard than the presently planned access onto the quieter straighter street now planned. The Court finds that respondent's actions in this instance are arbitrary, capricious, overburdensome, confiscatory and not just denying petitioner of the right to reasonable use of his property, but a denial to him of the equal protection of the law." [Matter in brackets added].

On appeal, the Appellate Division of the Supreme Court, which also has fact finding powers, held as follows:

"In a proceeding pursuant to CPLR article 78 to review a determination of the City Council of the City of Rye dated May 18, 1983, denying petitioner a building permit, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.) entered September 6, 1983, which granted the petition, annulled the determination, and directed the issuance of the building permit.

Judgment affirmed, with costs.

There is no indication in the record that any restrictions were placed by the Planning Commission of the City of Rye on the development of the subject lot. As the plans submitted by petitioner were in compliance with the Rye City Code and were approved by the board of architectural review, a building permit should have been issued.

Accordingly, the city council does not have the authority to prohibit the issuance of the permit."

That the defendants, in acting as the state court found they did, were operating under color of state law so as to trigger the jurisdictional basis for § 1983 may not be

the subject of a serious dispute. In light of the findings by Justice Donovan, not disturbed on appeal, that the defendants acted "under pressure from a highly vocal homeowners' association in the area" and that the City Council had directed the Building Inspector not to issue a permit on "spurious grounds" which had "no factual basis," no reasonable juror could make a finding that these defendants acted in good faith, and therefore no triable issue exists on that point.

In opposition to this motion and in support of a motion which defendants have also made for summary judgment in their favor, defendants now describe their action as a "strictly local dispute," pointing out that Mindich could have had a building permit without hassle if it had caved in to the neighbors' and officials' pressure and agreed to place the driveway for the new house on Rye Road, instead of Captain's Lane, as it had a right to do.[2] This is not a valid analysis of the serious Constitutional issue presented here. The ownership of property, without the right to use it in a lawful manner upon compliance with all established rules, is no ownership at all. It is elemental that the right to be free from the deprivation of property without due process of law includes the right to be free from unlawful, coercive deprivation of the lawful use of that property, imposed by officials for an improper purpose. This is not a case of the sort commonly found where officials obstruct the use of property on a colorable pretense that they are exercising lawful police powers, or zoning or planning functions. Here, as the state courts have held, plaintiff had a clear right to the building permit with a driveway on Captain's Lane, which would permit it to use its property for the only useful purpose for which it exists, namely, constructing a single-family residence. The willful violation shown rises to the level of a Constitu-

tional violation which may be redressed under § 1983.

Furthermore, as the state court's decisions recognize, the law was clearly established, and there was a factual finding that the defendants acted with an improper motive, namely to accede and give in to "pressure" of parties in the community opposed to Mindich. Accordingly, the qualified immunity available under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) is clearly negated here. Simply put, the state court found that this plaintiff was subject to a coercive abuse of the power of the City Council under color of state law, to direct the denial of a permit in order to force plaintiff to relocate the driveway of its proposed house from Captain's Lane to Rye Road, something which the defendants had no right to do, as they well knew. This is not a situation of a technical violation, in a situation where local officials have the right to be wrong as to the extent of their power, or negligent in the way in which they exercise it. Rather, it is established in the state court record that the defendants acted with an invidious purpose to submit to "pressure" from members of the public to deny Mindich's rights. This is just the sort of official conduct which the Ku Klux Klan Act was enacted to redress.

As a post-deprivation remedy, a plaintiff situated as Mindich was, may set aside defendants' unlawful action by means of an Article 78 Proceeding in the New York State courts. In those proceedings, as actually occurred in this case, such a plaintiff will be afforded equitable relief if it can show that the refusal to grant the building permit was "arbitrary and capricious," or, as here, *ultra vires*. New York CPLR § 7803. A state court, reviewing pursuant to Article 78, however, may not award

---

**2.** In fairness to their position, defendants do not argue that they had, or reasonably believed they had, the right to require relocation of the driveway to the less swanky street. To make this assertion would be to admit official stupidity of a sort not present in this generally well run city where substantial persons serve as city council members without salary. Instead, the argument seems to be that "the City Council was willing to issue the permit if plaintiff agreed to relocate the driveway" (Deft's br. p. 11), and that a reasonable person could believe a traffic hazard existed. Justice Donovan's findings dispose of this latter contention. See text, *supra* at p. 1515.

money damages for a Constitutional violation such as occurred in this case. *See Schwab v. Bower,* 41 N.Y.2d 907, 394 N.Y. S.2d 616, 363 N.E.2d 341 (1977).

■ The existence of similar post-deprivation remedies in some instances will excuse a lack of due process "pre-deprivation." *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *see also Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 250 (2d Cir.1985). As our Court of Appeals has made clear, however, the availability of such remedies in those instances, "does not impinge upon the rule that exhaustion of state remedies is not a prerequisite to a § 1983 suit. *Patsy v. Board of Regents,* 457 U.S. 496 [102 S.Ct. 2557, 73 L.Ed.2d 172] (1982)." *Signet Construction Corp. v. Borg,* 775 F.2d 486 (2d Cir.1985).[3]

The issue of damages is not presently before this Court for determination. This Court is satisfied, however, that plaintiff did suffer some damages. Even nominal damages of $1.00 may be recovered for a Constitutional violation in a § 1983 case, and will carry with them reasonable legal fees. *McCann v. Coughlin,* 698 F.2d 112, 128 (2d Cir.1983). At the very least, plaintiff was damaged in the amount of the reasonable and actual expenses of the Article 78 Proceeding, necessary to vindicate its Constitutional right to use its property. Defendants point out that plaintiff was not forced to sell its property, and when it did so, it obtained a profit. The Court regards, at least tentatively, this subsequent sale at a profit as representing most likely the increased value of a building lot as a result of the lapse of time and improved economic conditions. Into this profit, therefore, must be merged the interest and carrying costs for the time period during which plaintiff's development of its property was delayed, and those items therefore may not be recovered as damages in this case under these peculiar facts, except to the extent, if any, that they exceed the profit.

Accordingly, it would appear that plaintiff may recover in this action merely nominal damages and the reasonable expenses associated with vindicating its rights in the Article 78 Proceeding.[4]

Counsel for the parties are directed to meet and confer to ascertain whether, without conceding liability, it would be possible to stipulate the actual and reasonable amount of plaintiff's damages in accordance with the foregoing discussion, and also the reasonable legal fees associated with this action, in order that a final judgment may be entered without a trial. If there is inability to agree on the foregoing amounts to be inserted in a final judgment, this Court will conduct a trial limited to the damage issues.

Plaintiff's motion for partial summary judgment is granted, and defendant's motion for summary judgment is denied. The Court declines to make the finding contemplated by Rule 54(b), F.R.Civ.P. at this time.

Counsel are directed to appear at Courtroom 31, United States Courthouse, 101 East Post Road, White Plains, New York 10601 on December 30, 1985, or earlier by agreement, at 9:00 A.M. for the purposes of a status report conference to advise whether a final judgment may entered upon stipulated damages, and if not, to select a date for the prompt trial of the damage issue.

So Ordered.

---

**3.** A post-deprivation remedy is usually of little practical value when permits are being withheld from a developer-builder for an improper coercive purpose. To get relief in the state courts here required approximately sixteen months of litigation, including an essentially frivolous appeal. Most such building is done on the basis of building loan commitments with time deadlines, and requires coordinating the work schedules of subcontractors in the various trades. Any delay is deadly.

**4.** Although briefs of both parties discuss a prior application for a variance which was denied, this Court perceives no relevance in the facts concerning the variance. And, any legal efforts expended in connection therewith have no bearing on damages.