**Julio F. GIANO, Plaintiff-Appellant,**

v.

**Walter J. FLOOD, Warden, NCCC and Saul Jackson, Commissioner, NCCC, Defendants-Appellees.**

**No. 222, Docket 86–2190.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 9, 1986.

Decided Oct. 20, 1986.

**770**

Julio Giano, submitted a brief, pro se.

Edward T. O'Brien, Co. Atty. of Nassau County, Mineola, N.Y. (Robert O. Boyhan, Deputy Co. Atty., of counsel), submitted a brief for defendants-appellees.

Before CARDAMONE and PIERCE, Circuit Judges, and BONSAL, Senior District Judge *

PER CURIAM:

Julio Giano, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Korman, J.) dismissing his complaint against Walter Flood, Warden, Nassau County Correctional Center, *et ano.*, (Nassau County prison officials) filed pursuant to 42 U.S.C. § 1983. We reverse and remand.

**I**

This civil rights action resulted when Giano, an inmate at the Nassau County Correctional Center, was placed in solitary confinement for a period of 181 days. On September 21, 1984 while being returned with another inmate from the District Court of Nassau County to the Correctional Center, Giano attempted to escape. In the ensuing struggle, the other inmate and a New York State court officer were shot. Thereafter, appellant was placed in administrative segregation, a form of confinement in which a prisoner is kept in his cell for 22 hours a day and denied contact visits. With the aid of counsel, Giano challenged this action taken by Nassau County officials by commencing an Article 78 pro-

ceeding under New York's CPLR alleging that he was being improperly held in administrative segregation, requesting his return to the general prison population and restoration of contact visits. After a hearing, a New York State Supreme Court Justice, Nassau County, issued an order dated January 28, 1985 directing Giano's return to the prison population, but denied him a restoration of contact visits.

The prison officials promptly appealed this order, which was stayed pending appeal. On March 29, 1985, while the State appeal was pending, Giano filed the instant suit in federal district court seeking compensatory and punitive damages resulting from his placement in administrative segregation. Upon transfer to the New York State Department of Corrections to begin serving his sentence on May 20, 1985, Giano was released from solitary confinement. Nassau County discontinued its appeal, as the segregation issue had become moot.

Giano's § 1983 summons and complaint was served in May 1985 and Nassau County answered a month later. Subsequently, Giano submitted a motion for appointment of counsel. In opposition, the County prison officials asserted that Giano was precluded from maintaining his federal action under the doctrine of *res judicata.* The district court judge agreed with the County's contention and dismissed Giano's complaint. This appeal followed on March 15, 1986.

**II**

On May 29, 1986 we decided *Davidson v. Capuano*, 792 F.2d 275 (2d Cir.1986). *Davidson* squarely addressed and resolved the issue presented on this appeal. Of course, Judge Korman did not have knowledge of our decision since he dismissed Giano's complaint three and one-half months earlier on February 7, 1986. . In *Davidson* we specifically held that a prior judgment in a New York State Article 78

* Honorable Dudley B. Bonsal, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

proceeding would not preclude, under the doctrine of *res judicata,* a later § 1983 civil rights claim for damages. In *Davidson,* a prisoner who had received a favorable determination in his state court Article 78 proceeding, subsequently brought a § 1983 action for damages based on the same facts. In concluding that his federal action should not be barred on *res judicata* grounds, we focused our inquiry on both the measure of damages available in an Article 78 proceeding and the role and purpose of the "special proceeding" in New York.

Taking into consideration Article 78's damage limitation provision—CPLR § 7806 provides, in pertinent part, that damages must be "incidental to the primary relief sought"—we noted that substantial New York authority supports the proposition that it would be procedurally improper to interpose a civil rights claim for damages in an Article 78 proceeding. Further, the essential purpose of an Article 78 proceeding is to facilitate correction of improper action taken by a "body or officer." *See* CPLR 7801. This purpose would be hampered were an Article 78 court also required to decide issues collateral to the primary relief sought such as, for example, civil rights claims for damages. We held therefore that Davidson could not have been awarded the full measure of relief in his Article 78 state proceeding. Consequently, even though Davidson's federal claim was predicated on the same facts as his state action, it was not barred by principles of *res judicata. See Robert E. Fay, et al. v. South Colonie Central School District, et al.,* 802 F.2d 21, 29 (2d Cir. 1986) (same). There is no doubt, therefore, that *Davidson* controls the case before us on this appeal. Appellees commendably concede as much.

### III

The judgment of the district court is accordingly reversed and the case remanded for appropriate further proceedings.