**David DAVIS, Plaintiff-Appellant,**

v.

**Charles HALPERN, in his official capacity as Dean of the City University of NY Law School at Queens College & in his individual capacity, John Farago in his official capacity as Assistant Dean of the City of NY Law School Queens College & in his individual capacity, Joseph Murphy in his official capacity as Chancellor the City University of NY & in his individual capacity, & Gordon Ambach in his official capacity as Chancellor of the State University of NY & as Commissioner of Ed. of the State of NY, Defendants-Appellees.**

No. 452, Docket 86–7621.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1986.
Decided March 9, 1987.

David Davis, pro se.

Stephen M. Jacoby, Asst. Atty. Gen. of State of N.Y. (Robert Abrams, Atty. Gen. of State of N.Y., New York City, of counsel), for defendants-appellees.

Before OAKES, CARDAMONE and DAVIS,* Circuit Judges.

DAVIS, Circuit Judge:

The sole issue before us is whether the District Court correctly held that appellant

Davis' federal action was barred, under the principles of former adjudication, by a previous suit he had brought in a New York state court. We hold that the federal action was not so barred.

## I.

### Background

David Davis, a white male in his '40s, desires to attend law school. He applied to enter the 1983–84 class of the City University of New York Law School at Queens College, was placed on the waiting list, but was not admitted. He applied again for the next year (1984–85) but was rejected. He applied unsuccessfully a third time for 1985–86. After his second rejection (which occurred on July 30, 1984), Davis brought a proceeding under Article 78 of the New York Civil Practice Act and Rules [1] in New York State Supreme Court challenging the law school's rejection of his application for the 1984–85 term and also seeking a preliminary injunction compelling his admittance for that school year. The state court's action in that proceeding—which is far from clear—formed the basis of the District Court's ruling of preclusion by former adjudication. Suffice it at this point that state justices determined (in September 1984 and February 1985) that no factual issues remained for trial. Davis filed a notice of appeal but never pursued it.

On June 3, 1985, appellant instituted this suit in the District Court below, asking damages and injunctive relief under 42 U.S.C. §§ 1983, 1985, as well as Title VI of the Civil Rights Act, 42 U.S.C. § 2000d et seq. The complaint initially alleged improper rejection by the Law School for the 1984–85 term but was amended also to cover the 1985–86 term. Davis' contention is that the school discriminated against white males, particularly of his age group. Appellees moved to dismiss on several grounds, including *res judicata* (former adjudication) on the basis of the prior Article

---

* Honorable Oscar H. Davis of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. In New York, Article 78 is a method for challenging state administrative action. *See Davidson v. Capuano*, 792 F.2d 275 (2d Cir.1986).

78 proceeding in the New York court. On July 14, 1980, the District Court, relying solely on the bar of *res judicata*, granted appellee's motion and dismissed the federal action.

## II.

### Claim Preclusion

■ The District Court did not indicate which aspect of the doctrine of *res judicata* (or former adjudication) it applied—claim preclusion or issue preclusion (which used to be called collateral estoppel) or both. The recent decisions in *Davidson v. Capuano*, 792 F.2d 275 (2d Cir.1986), and *Giano v. Flood*, 803 F.2d 769 (2d Cir.1986), demonstrate that claim preclusion is inapplicable here. Both *Davidson* and *Giano* expressly held that a New York plaintiff is not barred from seeking damages, in federal court, on civil rights claims by reason of a prior judgment on the same underlying facts in an Article 78 proceeding requesting injunctive or affirmative relief. The reason is that damages are not available in these circumstances in an Article 78 proceeding and therefore that action cannot give the damages relief demanded in a civil rights suits such as this one. *Davidson*, 792 F.2d at 278–82; *Giano*, 803 F.2d at

770–71.[2] That is the very claim preclusion rule applied in these circumstances by the New York courts, a rule which is, of course, binding on the federal courts in this case. *Davidson*, 792 F.2d at 282. *See Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). We therefore put claim preclusion wholly aside.

## III.

### Issue Preclusion

■ In New York, issue preclusion (or collateral estoppel) can be applied in a later case only if (1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom issue preclusion is sought had a full and fair opportunity to contest the decision invoked as dispositive in the later controversy; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action. *See Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 386 N.E.2d 1328, 1331, 414 N.Y.S.2d 308, 311 (1979). There are problems in this case with each of these requirements but we need dispose only of the third.[3]

---

**2.** The *Davidson* plaintiff had prevailed in his Article 78 proceeding while current appellant was there denied relief, but this difference has no effect on the application of claim preclusion to this case.

**3.** On the question of the existence of a final determination in the Article 78 proceeding, the District Court said that there was one, but the matter is not so clear to us. The difficulty is that Davis' Article 78 proceeding was handled by three separate justices of the New York Supreme Court. One justice (in an order of September 20, 1984) denied Davis' request for a preliminary injunction (commenting that the school's action was not arbitrary or in bad faith) but at the same time ordered the defendants to comply with a subpoena (sought by Davis) for production of certain Law School records, a subpoena previously issued by another justice. The issuing justice later ordered production again. After Davis received that information, he moved for a trial preference. A third justice (in an order of February 20, 1985) denied that motion on the ground that the second justice had held (in his order of September 20, 1984) that no factual issues remained. In the current case, the District Court ruled that the order of

February 20, 1985—which accepted as conclusive the prior order of September 20, 1984—constituted the final determination. The earlier order was understood as being without prejudice to renewal, and the later order as somehow deciding summarily, after discovery, that insufficient proof had been made. Our major difficulties center (a) around the fact that the very same order of September 20, 1984 specifically required compliance with the subpoena and it is hard to see how the proceedings could have been dismissed and simultaneously kept alive for enforcement of the subpoena and the consequent discovery, and (b) the later order of February 20, 1985 relied solely on the earlier order of September 20, 1984 (which preceded discovery) without making any further determination.

Similarly for the prerequisite of a full and fair opportunity to contest. The pre-discovery September 20th order seemed to contemplate further proceedings but the post-discovery February 20th order appears to have looked only to the order of September 20th as deciding the matter. In these circumstances it is certainly questionable whether appellant had a proper hearing and determination in his Article 78 proceeding.

We are convinced that there is an absence of identity of issues between the Article 78 proceeding and the current civil rights litigation. For one thing, the state proceeding dealt only with Davis' second rejection, not with his first (which was barred by the four-month statute of limitations in Article 78 proceedings) or the third rejection (which had not yet occurred). A different applicant pool each year necessarily provides different facts upon which an argument of discrimination, as well as of the particular wrongful treatment given to appellant's application, could now be based.[4] Second, the Article 78 proceeding was directed, under that statute, to the consideration given to Davis' individual and particular application in order to determine whether the denial of his admission was arbitrary or capricious. *See* N.Y.C.P.L.R. § 7803. No review of the entire applicant pool or the Law School's overall admission policies seems to have been made. Third, in this federal action appellant also alleges retaliatory discrimination because of his bringing the Article 78 proceeding; this question was obviously not before the state court.

For these reasons, we conclude that this District Court suit is not barred by the result of the Article 78 proceedings and the case must be remanded for further proceedings.

REVERSED and REMANDED.

---

4. Davis contends before us that there is an increasing degree of discrimination by the Law School against white males, and that the school's continuing policy is unduly to favor women and minorities. Such a continuing course of conduct, if true, often creates a new and separate claim, not barred by the decision in a single prior suit. *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 327–28, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955).