**William POLITE, Alexander Price, Peter Buxton, and Cipriam Lynch, Plaintiffs,**

v.

**The TOWN OF CLARKSTOWN, et al., Defendants.**

**No. 98 Civ. 4284(CM).**

United States District Court, S.D. New York.

Aug. 6, 1999.

Mitchell P. Schecter, Spring Valley, NY, for William Polite, Alexander Price, Peter Buxton, Cipriam Lynch, plaintiffs.

Harold Y. MacCartney, Jr., MacCartney, MacCartney, Kerrigan & MacCart-

ney, Nyack, NY, for Town of Clarkstown, Town of Clarkstown Police Dept., John Does and Jane Does, Police Officers Whose Names are Presently Unknown and Within the Knowledge of Respondents, Individually and as Police Officers of the Town of Clarkstown, defendants.

MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART BOTH DEFENDANTS' MOTION TO DISMISS FOR INADEQUATE SERVICE AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DISMISSING THE COMPLAINT AGAINST THE CLARKSTOWN POLICE DEPARTMENT AND MICHAEL DOYLE

McMAHON, District Judge.

Plaintiffs, four African–American men, brought this action against the Town of Clarkstown, its police department (together the "Municipal Defendants"), Officer Michael Doyle, and several John and Jane Doe police officers of the Town of Clarkstown, alleging deprivation of their civil rights and the use of excessive force and racial epithets arising out of an incident that occurred when the police pulled over Plaintiffs' car on the night of June 22, 1997.

In their complaint, Plaintiffs state four causes of action. The first cause of action claims that Defendants falsely arrested Plaintiffs, thus depriving them of liberty in violation of the rights guaranteed by the fourth and fourteenth amendments to the United States Constitution and by the Civil Rights Act, 42 U.S.C. § 1983. Complaint ¶ 24. Plaintiffs' second cause of action alleges that Defendants violated their right to be free from racially motivated remarks. Complaint ¶ 26. The third cause of action claims both emotional and psychological damages, and that Defendants subjected Plaintiffs Alexander Price ("Price") and Peter Buxton ("Buxton") to excessive physical force. Complaint ¶¶ 28–29. The fourth cause of action alleges that

the Municipal Defendants (i) failed to implement policies sufficient to prevent racially motivated police activity, (ii) failed to take reasonable steps to see that town police officers were sensitive to race issues, and (iii) failed to properly investigate and reprimand those officers responsible. Complaint ¶ 31.

Defendants have since moved, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the complaint for inadequate service. In the same motion, Defendants also move for summary judgment on numerous grounds: (1) the stop the police made constituted an investigatory stop, was not an arrest and was reasonable; (2) even if the stop constituted an arrest, the officers had probable cause; (3) that racist comments do not constitute an infringement of constitutional guarantees and do not give rise to police officer liability under the federal civil rights statute; (4) Price's excessive force claim alleging the application of tight handcuffs and the resulting pain does not rise to the level of constitutional violation; (5) the excessive force alleged by Price and Buxton was reasonable under the circumstances; (6) the individual officers have qualified immunity from civil actions relating to their conduct; (7) the federal claims against the Municipal Defendants must be dismissed because they did not violate any of the Plaintiffs' federally protected civil rights; and (8) the related state claims must be dismissed if all the federal claims are dismissed.

I. *Defendants' Motion to Dismiss for Inadequate Service.*

Defendants allege that this Court never obtained personal jurisdiction over them because Plaintiffs failed to comply with the directives of Rule 4 of the Federal Rules of Civil Procedure regarding sufficient service of process. They claim that Plaintiffs attempted service of the summons and complaint by mailing the same with a cover letter dated June 29, 1998 to the office

of Defendants' counsel and have since failed to effect proper service. For the reasons stated below, the motion to dismiss pursuant to Rule 12(b)(5) is granted in part and denied in part.

■ First, I consider service on the Municipal Defendants. Rule 4 directs that proper service upon a domestic governmental body subject to suit may be accomplished in one of two ways—either by delivering a copy of the summons and complaint to the government body's chief executive officer, or by doing the same in accordance with the law of that state for serving process on government bodies. *See* Fed.R.Civ.P. 4(j). Under the law of the State of New York, personal service upon a town must be made by delivering the summons to the supervisor or clerk. *See* N.Y.C.P.L.R. § 311 (McKinney 1990).

Plaintiffs' attorney has signed a sworn affidavit of service indicating that on July 23, 1998 at 2:45 p.m., he served the summons and complaint at the Clarkstown Office of the Town Clerk upon Maureen Golden, a designated agent. *See* Affidavit of Service of Francis X. Young, attached as Ex. F to the Memorandum in Opposition to the Motion for Summary Judgment. By serving the town clerk through a designated agent, Plaintiffs complied with the second prong of Rule 4(j). For this reason, the motion to dismiss is denied with regard to the Municipal Defendants.

■ However, service upon the designated agent of the town clerk did not constitute adequate service upon Defendant Michael Doyle ("Doyle"). Under Rule 4, Plaintiffs have 120 days from the filing of the complaint to serve the summons along with the complaint upon an individual. *See* Fed.R.Civ.P. 4(m). Under Rule 4, service upon an individual must be accomplished by serving either the individual or a person of suitable age and discretion residing at the individual's "dwelling house or usual place of abode." Fed. R.Civ.P. 4(e)(2). As with service upon domestic government bodies, Rule 4 also al-

lows for service upon an individual in accordance with the law of the state in which the district is located. *See* Fed.R.Civ.P. 4(e)(1). Even under New York law, a summons must either be served personally or by following a two-step process: first, leaving the same with a person of suitable age and discretion at the individual's actual place of business or usual place of abode, and second, mailing the same to the individual at the individual's last known residence or actual place of business. *See* N.Y.C.P.L.R. § 308(1)–(2) (McKinney 1990). Filing proof of service is mandatory under both New York and federal law.

The record contains no proof of service indicating that Doyle was personally served the summons and complaint within the 120–day statutory window of Rule 4(m). The only proof of service before the Court indicates that service was effected on Maureen Golden at the Clarkstown Office of the Town Clerk. However, this office is neither Doyle's actual place of business nor his dwelling house nor his usual place of abode. Moreover, there is no proof of mailing (assuming that Plaintiffs purport to have served Doyle in accordance with State law) or proof of service filed. Therefore, the action must be dismissed with respect to Doyle.

## II. *Defendants' Motion for Summary Judgment*

### *As to the Clarkstown Police Department*

■ Under law of the State of New York, "a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence." *Hoisington v. County of Sullivan,* 55 F.Supp.2d 212, 214 (S.D.N.Y.1999). Therefore, municipal departments in this State—such as the Clarkstown Police Department—are not amenable to suit, and no claims can lie directly against them. *See id.* (citing *Adams v. Galletta,* 966 F.Supp. 210, 212 (S.D.N.Y.1997); *Umhey v. County of Orange,* 957 F.Supp. 525, 530–31 (S.D.N.Y.1997)). The Town of Clarks-

town Police Department is hereby dismissed as a defendant to this action.

*As to the Town of Clarkstown*

The Town of Clarkstown may not be held liable under 42 U.S.C. § 1983 for the actions of the police officers under the doctrine of *respondeat superior*. The only basis for liability would involve proof that the police officers committed illegal acts in violation of Plaintiffs' rights pursuant to a municipal custom or policy. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The complaint contains sufficient allegations of municipal custom or policy, and it would be premature to dismiss the complaint on *Monell* grounds (or any other grounds) at this time. Accordingly, Defendants' motion for summary judgment is denied without prejudice with respect to the Town of Clarkstown.

This constitutes the decision and order of the Court.