(November 17, 1977)

NORA P. KIMBALL, as Executrix of CHARLES R. KIMBALL, Deceased, et al., Appellants, v NICHOLAS SCORS, Respondent, and CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER, Defendant and Third-Party Plaintiff-Respondent. IRA A. ROWLSON et al., Third-Party Defendants.—Appeals from (1) an order of the Supreme Court at Special Term, entered January 18, 1977 in Clinton County, which dismissed plaintiffs' complaint as against the defendant Champlain Valley Physicians Hospital Medical Center at the close of the plaintiffs' case, and (2) a judgment of the same court, entered January 21, 1977, upon a verdict rendered at a Trial Term in favor of the defendant Nicholas Scors. In 1969 Charles Kimball, age 52, complained to defendant Dr. Scors of blood in his stool, weakness of his left leg, hemorrhoids and digestive discomfort which was diagnosed as a gallstone condition. In August, 1969 Mr. Kimball was admitted to the defendant hospital and Dr. Scors performed a cholecystectomy. Prior to the operation Dr. Scors ordered an X-ray examination of Mr. Kimball's intestinal tract, a procedure known as a GI series, but he did not order a chest X ray. The gastrointestinal films noted a density in the right mid lung. This condition was not only confirmed by chest X ray when the deceased was admitted to the hospital in 1970, but surgery failed to successfully excise a large metastatic tumor and Mr. Kimball died on January 28, 1971 from an anaplastic bronchogenic carcinoma of the right lung. Both the gastrointestinal films in 1969 and the chest X ray in 1970 were taken and read by Dr. Koerner, a member of a medical partnership specializing in radiology that had contracted with the hospital to provide radiological services. There was no proof that Dr. Koerner or Dr. Scors were employees of the hospital, nor was there any probative evidence that it was the practice of the hospital to take preoperative chest X rays unless ordered by the surgeon. Therefore, the trial court did not err in dismissing the complaint as to the hospital at the close of plaintiffs' case. While the independent contract theory may no longer be applied to relieve a hospital of liability where there is a staff doctor or nurse involved (Morwin v Albany Hosp., 7 AD2d 582, amd 8 AD2d 911), in cases, as here, where the patient consulted his own physician and the primary physician-patient relationship was with a doctor maintaining his own practice, and further, in cases, again as here, involving X rays taken by a doctor with a contractual rather than an employee or agent relationship with the hospital, we conclude that liability cannot be imposed on the hospital (see Bing v Thunig, 2 NY2d 656; 27 NY Jur, Hospitals and Asylums, § 76). Plaintiffs' next contention that the judgment premised on the jury verdict of "no cause for action" must be set aside is based on the position that it was reversible error for the court to refuse to charge, as requested, that "The jury need only decide whether or not Mr. Kimball could have had a chance to survive had the malpractice not taken place." We disagree. In our view, Kallenberg v Beth Israel Hosp. (45 AD2d 177, affd

37 NY2d 719) does not stand for the position urged by plaintiffs, i.e., that a jury need only determine that defendants' malpractice deprived a decedent of a chance of survival, regardless of how small that chance might be. Such a charge is implicit with danger in that it could reasonably be construed by jurors as judicial restraint on their obligation to find that the malpractice proximately caused the death. The ultimate finding cannot be whether the deceased would have a certain percentage chance of recovery; rather, it must be whether there was a substantial possibility the decedent would have recovered but for the malpractice. If the proof is ambivalent as to the question of whether the deceased would have died regardless of the malpractice, a pure factual issue is raised, as here, and such an issue can only be resolved by a jury determination of whether the malpractice proximately deprived the deceased of that substantial possibility. Plaintiffs' only other contention that requires comment is that the admission of the recommendation of the mediation panel (Judiciary Law, § 148-a) constituted error in that such recommendation is violative of due process and thus unconstitutional. We disagree (see *Comiskey v Arlen*, 55 AD2d 304). Order and judgment affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.