■ CARMEN WEINBLATT, Individually and as Executrix of FREDERICK WEINBLATT, Deceased, Respondent, v LYDIA HALL HOSPITAL or CARL E. NEUMAN, Doing Business as LYDIA HALL HOSPITAL, Appellant, et al., Defendant. (And a Third-Party Action.) — In an action to recover damages for personal injuries, etc., sustained as a result of alleged medical malpractice, defendant Lydia Hall Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered April 5, 1983, as denied its motion for summary judgment dismissing the action as against it as barred by the Statute of Limitations.

Order reversed, insofar as appealed from, on the law, with costs, motion for summary judgment dismissing the action as against appellant granted, action dismissed as against it, and the action against the remaining defendant severed.

At the latest, the cause of action asserted against defendant Lydia Hall Hospital accrued on August 28, 1974, the date that the plaintiffs' decedent was discharged. Thus, unless there was a toll, the Statute of Limitations expired on August 28, 1977, under the three-year period of limitations in effect for causes of action accruing prior to July 1, 1975, and this action, commenced after that date, is time barred.

Plaintiffs urge that since defendant William Lannick continued the treatment after the decedent's discharge and since the decedent consulted with the director of urology at the hospital following his discharge, there is an issue of fact presented under the continuous treatment rule (*Borgia v City of New York,* 12 NY2d 151). We disagree.

The subsequent treatments and examinations were not undertaken in connection with a course of treatment ordered by or under the control of the hospital (*McDermott v Torre,* 56 NY2d 399; *Davis v City of New York,* 38 NY2d 257, *Kimball v Scors,* 59 AD2d 984, mot for lv to app den 43 NY2d 648). Plaintiffs bore the burden of establishing a nexus between the subsequent events and the prior hospitalization (*Connell v Hayden,* 83 AD2d 30, 39) and, on the record before us, have failed to establish a triable issue of fact which would bring the cause of action within the ambit of the continuous treatment rule (see *Ruane v Niagara Falls Mem. Med. Center,* 91 AD2d 1176, affd 60 NY2d 908; *Florio v Cook,* 65 AD2d 548; *Kimball v Scors, supra*). *Fonda v Paulsen* (46 AD2d 540), to the extent it survives *McDermott v Torre* (*supra*), is plainly distinguishable. Accordingly, defendant Lydia Hall Hospital's motion for summary judgment should have been granted as against it. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.