■ BERNICE COOPER, Respondent, v LEVITTOWN ROLLER RINK, INC., Appellant.—In an action to recover damages for personal injuries sustained in a roller skating accident, the defendant appeals, as limited by its brief, (1) from so much of an interlocutory judgment of the Supreme Court, Nassau County (Samenga, J.), dated April 20, 1984, as, after a nonjury trial on the issue of liability only, found it liable to the plaintiff on her second cause of action alleging breach of an implied warranty of fitness for use, and found that the plaintiff was not guilty of contributory negligence and that it was 100% at fault in the happening of the accident, and (2) from so much of a judgment of the same court (Molloy, J.), dated January 16, 1985, as, after a nonjury trial on the issue of damages and upon rulings that plaintiff met her burden of proof with respect to her claim for injuries to her knee and wrist, is in favor of the plaintiff and against it in the principal sum of $90,000.

Appeal from the interlocutory judgment dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The portions of the interlocutory judgment appealed from by the defendant are brought up for review and have been considered on the appeal from the judgment dated January 16, 1985.

Judgment dated January 16, 1985 affirmed, insofar as appealed from.

The plaintiff is awarded one bill of costs.

We find that the trial court's judgment on the issue of liability is not contrary to the weight of the evidence. Moreover, we conclude that in view of the permanence of the plaintiff's injury, her pain and suffering, and the restriction the injury imposes on her previously active life-style, the award of $90,000 in damages was not disproportionate to the injury received and was within reasonable bounds (see, O'Connell v Albany Med. Center Hosp., 101 AD2d 637, 638). Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.