■ LEONARD SCISCIO et al., Appellants, v RANVIR S. YADAV, Respondent.

The plaintiff Leonard Sciscio first visited the defendant in October or November 1980 complaining of a minor urinary tract infection. The defendant prescribed a sulfur-based drug for Mr. Sciscio, and Mr. Sciscio developed a severe allergic reaction to the drug. Several days after Mr. Sciscio began developing his allergic symptoms, the defendant visited him at home, and called an ambulance for him, which took him to Nassau County Medical Center on December 5, 1980. The plaintiffs concede that the defendant did not treat Mr. Sciscio in the hospital, and merely allege that Mr. Sciscio saw the defendant through the window of the door of his hospital room at one point during his hospital stay. On that occasion, Mr. Sciscio saw the defendant looking at his hospital chart. Mr. Sciscio was discharged from the hospital December 23, 1980, and the plaintiffs commenced the instant action June 8, 1983, alleging that the defendant knew or in the exercise of reasonable care should have known that Mr. Sciscio was allergic to sulfur-based drugs.

This appeal brings up for review whether the doctrine of continuous treatment is applicable to Mr. Sciscio's hospital stay. We find the doctrine to be inapplicable to this case. Thus, the applicable period of limitation expired on June 5, 1983, and the action was properly dismissed as time barred. The continuous treatment doctrine provides that when the course of treatment, which includes the wrongful acts or omissions, runs continuously and is related to the original condition or complaint, the cause of action accrues at the end of the treatment (see, McDermott v Torre, 56 NY2d 399).

However, the doctrine is not available to a plaintiff unless there is evidence of a relationship between the allegedly wrongdoing physician and either the subsequent treatment entity, or the patient during the period of the subsequent treatment *(see, McDermott v Torre, supra; Watkins v Fromm,* 108 AD2d 233). While the defendant did call the ambulance which took Mr. Sciscio to the hospital, there is no allegation or evidence in the moving papers that the defendant was affiliated, associated, or employed by the hospital. Thus, the relationship between the hospital and the defendant is insufficient to invoke the continuous treatment doctrine *(see, Swartz v Karlan,* 107 AD2d 801; *Weinblatt v Lydia Hall Hosp.,* 105 AD2d 781). Similarly, the defendant's review of Mr. Sciscio's hospital record, together with his calling the ambulance for Mr. Sciscio, is an insufficient relationship between him and Mr. Sciscio to invoke the doctrine *(see, Richardson v Orentreich,* 64 NY2d 896; *Coyne v Bersani,* 61 NY2d 939). Lazer, J. P., Mangano, Bracken and Spatt, JJ., concur.