■ BRENDAN CASTELLI, Appellant, v NASSAU COUNTY MEDI-CAL CENTER et al., Respondents. [664 NYS2d 94] —In an action to recover damages for medical malpractice, the plaintiff, Brendan Castelli, appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 22, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was a patient of the defendant Dr. Blake at the infectious disease clinic of the defendant Nassau County Medical Center, a facility operated by the defendant County of Nassau. On a number of visits prior to March 19, 1993, the plaintiff complained to Dr. Blake about abdominal pains, which Dr. Blake diagnosed as either indigestion or the beginning of an ulcer. On March 19, 1993, Dr. Blake told the plaintiff that there was nothing he could do for him at that time, and that if the pain was any greater after one or two more days, he should go to an emergency room. Dr. Blake did not treat the plaintiff after March 19, 1993.

On March 21, 1993, the plaintiff was taken to the emergency room of Massapequa General Hospital where he was diagnosed as having a diseased gallbladder, which was surgically removed two days later. The plaintiff commenced this action on June 21, 1994, against Dr. Blake, the Nassau County Medical Center, and the County of Nassau, based on the alleged malpractice of Dr. Blake in misdiagnosing his diseased gallbladder. The defendants moved for summary judgment dismissing the complaint upon the ground that it was barred by the one year and 90 day Statute of Limitations set forth in General Municipal Law § 50-i. The Supreme Court granted the motion and the plaintiff appealed.

Under the circumstances of this case, the Statute of Limitations began to run on March 19, 1993 (see, Nykorchuck v Henriques, 78 NY2d 255; Massie v Crawford, 78 NY2d 516; Scisio v Yadav, 124 AD2d 652). Accordingly, the commencement of the action on June 21, 1994, was untimely, and the defendants' motion for summary judgment was properly granted. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.