**Kathleen E. MAGEE, Plaintiff,**

v.

**NASSAU COUNTY MEDICAL CENTER, Defendant.**

**No. CV 98–2296.**

United States District Court, E.D. New York.

Nov. 13, 1998.

Kathleen E. Magee, Uniondale, NY, pro se.

Owen B. Walsh, Nassau County Attorney, By Karen Ench, Deputy County Attorney, Mineola, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Presently before the Court is the motion of defendant Nassau County Medical Center ("NCMC") to dismiss plaintiff's Complaint alleging discriminatory employment termi-

nation and failure to rehire.[1] Defendant brings this motion, ostensibly pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff's Complaint fails to state a claim for which relief may be granted. For the reasons that follow, defendant's motion is granted in part and denied in part.

## BACKGROUND

The Eastern District of New York makes available to pro se plaintiffs a form complaint to assist them in pursuing their employment discrimination claims. The form complaint provides a series of check boxes and a section where the plaintiff may set forth in narrative style the facts pertinent to her case, attaching additional pages as desired. In this case, plaintiff filed the form complaint and checked various boxes, but did not set forth any facts in the narrative section. Instead, she attached certain documents and correspondence.

The following allegations are gleaned from the checked boxes. Plaintiff states that she brings her claims under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act of 1990. She describes the discriminatory conduct as "failure to hire me," and "termination of my employment." She claims that these acts took place in June 1996. She asserts that she was discriminated against because of her race and disabilities, adding with respect to the latter, "my back problems and my carpal tunnel." Plaintiff added that she filed a complaint with DHR in June 1995, and received a right to sue letter on February 20, 1997.

The following documents were attached to plaintiff's Complaint:

(1) a letter from defendant to plaintiff, dated May 12, 1995, advising plaintiff that she was terminated from her position as a Custodial Worker as of May 11, 1995 because she had not returned to work after a job-related injury. The letter stated that the termination was pursuant to Section 71 of the New York Civil Service Law. The letter further provided that plaintiff could seek a medical examination within one year of the termination date and, if certified as physically fit, could apply for reinstatement;

(2) a copy of an administrative complaint bearing file number 16 G 95 4846, filed with DHR on July 17, 1995, in which plaintiff states that she was terminated on May 1, 1995. She charges defendant with terminating her in retaliation for having filed a previous complaint with DHR (apparently under filé number 3500475) that charged defendant with "unlawful practices related to disabilities."[2] She states that defendant "refused to accommodate" her. The 1995 complaint also bears a recital that states, in pertinent part, "I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment ....)";

(3) a right to sue letter from the Equal Employment Opportunity Commission, dated February 18, 1998, that further advised plaintiff that the evidence obtained in the DHR investigation did not establish a violation of Title VII. The right to sue letter was issued with respect to her administrative Title VII complaint bearing file number 16 G 95 4846; and

(4) a letter, dated June 26, 1996, from defendant to the Civil Service Commission, advising the latter that plaintiff could not return to her usual occupation apparently because the position would require her to do a "considerable amount of work above the shoulder level."[3]

Liberally reading the complaint and its attachments, the Court finds plaintiff to claim that her termination/failure to rehire was based on race, disability, and retaliation for having filed a prior administrative com-

---

1. For the sake of clarity, the pleading that plaintiff filed to commence this action will be referred to as the "Complaint" to distinguish it from the various administrative complaints filed by plaintiff with the New York State Division of Human Rights ("DHR").

2. This is a reference to a complaint filed with DHR in 1991 (the "1991 administrative complaint").

3. These attachments are considered a part of the pleading for all purposes. Fed.R.Civ.P. 10(c).

plaint. In response to plaintiff's allegations, defendant asserts that plaintiff fails to state a claim upon which relief may be granted and seeks dismissal of the complaint, purportedly pursuant to Rule 12(b)(6).

Defendant accompanies its motion with both an affidavit from its counsel and documentary evidence. Among defendant's supplemental documents is an administrative complaint filed by plaintiff with DHR in 1991 in which she charges defendant with racial discrimination in restricting her overtime work. Other documents indicate that, in 1994, plaintiff amended the 1991 administrative complaint to state that defendant knew she had an injury to her wrist and to charge defendant with "refusing to accommodate me for my documented disability and for retaliating against me for having opposed discriminatory practices in violation of New York State Human Rights Law." In 1994, plaintiff again amended the 1991 administrative complaint to add additional charges of retaliation.

Defendant also submits a letter from DHR, dated January 28, 1998, entitled "Determination and Order After Investigation," stating that DHR found no probable cause that plaintiff's termination was due to retaliation. In the letter, DHR characterizes plaintiff's 1995 administrative complaint as charging that "her employment was terminated in retaliation for having filed a prior complaint." The letter further notes that a "Probable Cause" determination was issued with respect to the 1991 administrative complaint. Finally, the letter states that plaintiff's termination took place 3.5 years after she filed the 1991 complaint with DHR, and ten months after the Probable Cause determination was issued.

## DISCUSSION

### I. Subject Matter Jurisdiction

#### A. General

■ Although defendant brings its motion under Rule 12(b)(6) seeking dismissal for failure to state a claim, defendant first contends that this Court lacks subject matter jurisdiction to hear plaintiff's claims because she failed to exhaust her administrative remedies. A motion challenging subject matter jurisdiction is properly brought under Rule 12(b)(1). A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir.1990); *Sanger v. Reno,* 966 F.Supp. 151, 159 (E.D.N.Y. 1997).

■ When considering a Rule 12(b)(1) motion, a court may consider affidavits and other materials beyond the pleadings themselves to resolve the jurisdictional question. *Antares Aircraft L.P. v. Federal Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir.1976). A court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits will not be considered. *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).

#### B. Title VII's Exhaustion Requirement

■ Turning to the merits of defendant's jurisdictional argument, it is clear that "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge. This exhaustion requirement is an essential element of Title VII's statutory scheme." *Butts v. City of New York Dep't of Housing Preservation and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993).

#### C. ADA's Exhaustion Requirement

An exhaustion requirement identical to that of Title VII applies to claims brought

under Title I of the ADA.[4] *See* 42 U.S.C. § 12117 (adopting for claims brought under Title I of the ADA the exhaustion requirement set forth for Title VII claims); *Bent v. Mt. Sinai Med. Ctr.*, 882 F.Supp. 353, 355 (S.D.N.Y.1995) (administrative exhaustion requirement applies to Title I ADA claims); *Finley v. Giacobbe*, 827 F.Supp. 215, 219 n. 3 (S.D.N.Y.1993) (same).

■ The rule is different for claims brought pursuant to Title II of the ADA. Title II of the ADA bars discrimination by reason of disability by any public entity. *See* Pub.L. No. 101–36, §§ 201–03, 104 Stat. 337 (1990) (codifed in 42 U.S.C. §§ 12131–33). "Public entities" include, *inter alia*, any instrumentality of a state or local government. 42 U.S.C. § 12131(1). The Court takes judicial notice that NCMC is a public entity. *See Castelli v. Nassau County Med. Ctr.*, 244 A.D.2d 379, 664 N.Y.S.2d 94, 95 (2d Dep't 1997) (noting that Nassau County Medical Center is a facility operated by the County of Nassau). An employee of a public entity may bring an employment discrimination claim under Title II of the ADA as well as under Title I. *See Bledsoe v. Palm Beach County Soil & Water Conservation Dist.*, 133 F.3d 816, 820 (11th Cir.) (thoroughly examining statutory language of Title II, interpretative regulations promulgated by Department of Justice, and prior case law, and concluding that "Title II of the ADA does encompass public employment discrimination"), *cert. denied*, —— U.S. ——, 119 S.Ct. 72, 142 L.Ed.2d 57 (1998); *Downs v. Massachusetts Bay Transp. Auth.*, 13 F.Supp.2d 130, 134 (D.Mass.1998) ("vast majority of courts" to consider question have held that Title II encompasses employment discrimination); *Hernandez v. City of Hartford*, 959 F.Supp. 125, 132 (D.Conn.1997) ("[t]he regulations under and the legislative history of ADA Title II make it clear, however, that § 12132 prohibits employment discrimination by public entities on the basis of disability"); *Finley*, 827 F.Supp. at 219 n. 3 (permitting plaintiff's Title II employment discrimination suit against county hospital to proceed). Unlike

Title I, however, Title II does not impose an exhaustion requirement on plaintiff. *Bledsoe*, 133 F.3d at 824; *Finley*, 827 F.Supp. at 219 n. 3.

■ Considering plaintiff's disability claims as brought under Title I, the Court finds she has fulfilled the exhaustion requirement. Plaintiff's Complaint alleges she was terminated in 1995 and not rehired in 1996 based on race, disability, and retaliation. The 1995 charge filed with DHR relating to her termination/rehiring was based on retaliation for having filed a previous administrative complaint in 1991 regarding her disability. Clearly, the exhaustion requirement does not foreclose plaintiff from bringing her termination/failure to rehire claim on a theory of retaliation. Moreover, the 1995 administrative complaint was enough to put the investigative agency, DHR, on notice that plaintiff also contended that her termination resulted, at least indirectly, from her disability. DHR was, or should have been, aware of plaintiff's 1991 complaint charging defendant with disability discrimination. Putting all plaintiff's administrative complaints and amendments together, DHR could reasonably have been expected to expand the scope of the 1995 complaint (which on its face charged retaliatory termination for filing a previous disability discrimination charge) to include a claim that plaintiff's termination/failure to hire was due to her disability. Consequently, the Court finds that plaintiff may pursue a Title I ADA claim and did not fail to exhaust her administrative remedies. Moreover, even had plaintiff failed to exhaust her administrative remedies, she could still pursue her disability claim against defendant under Title II of the ADA.

■ Plaintiff does have an exhaustion problem, however, with respect to her Title VII claim of race discrimination. She raised this claim only once, in the initial 1991 complaint, and never referred to it again. Presented with plaintiff's 1995 complaint, DHR could not reasonably have been expected to

---

4. Title I of the ADA bars employment discrimination by any employer having more than 15 employees, other than the United States, a corporation wholly owned by the government of the United States, or an Indian tribe. *See* Pub.L.No. 101–336, §§ 102–107, 104 Stat. 331, 333, 334, 336 (1990), codified in 42 U.S.C. §§ 12111–12117 (setting forth provisions of Title I).

investigate whether she was terminated because of her race. Accordingly, plaintiff may not pursue her race discrimination claim under Title VII.

■■■ This does not mean, however, that the Court lacks subject matter jurisdiction to hear plaintiff's complaint of race discrimination. A complaint will not be dismissed merely because a plaintiff's allegations do not support the particular legal theory advanced in the complaint. A court presented with a motion to dismiss must examine the complaint to determine whether the allegations provide a basis for relief under any possible theory. *See Marbury Management, Inc. v. Kohn*, 629 F.2d 705, 712 n. 4 (2d Cir.1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim"); *Emanuel v. Barry*, 724 F.Supp. 1096, 1098 (E.D.N.Y. 1989) (fact that plaintiff pleads wrong legal theory does not preclude recovery under proper theory); *accord Steiner v. Shawmut Nat'l Corp.*, 766 F.Supp. 1236, 1240 (D.Conn. 1991); *Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 727 (S.D.N.Y.1991); *see generally* 5A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1357 at 337 (1990).

■■■ As an employee of a state actor, plaintiff could bring an employment discrimination claim based on race as a violation of the Equal Protection Clause, pursuant to 42 U.S.C § 1983.[5] *See Annis v. County of Westchester*, 36 F.3d 251, 254 (2d Cir.1994) (Title VII is not a public employee's exclusive remedy for employment discrimination where the claim is cognizable under the Constitution); *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 142 (2d Cir.1993) (Title VII plaintiff may assert claims under § 1983 for violations of rights not exclusively protected by Title VII); *Settecase v. Port Auth. of New York & New Jersey*, 13 F.Supp.2d 530, 537 (S.D.N.Y.1998) (Title VII prohibits

discrimination in employment but is not public employee's only remedy). Even if plaintiff's ADA claim were procedurally barred for failure to exhaust administrative remedies, her claim of disability discrimination also could proceed under § 1983. *See, e.g., Davoll v. Webb*, 943 F.Supp. 1289, 1302 (D.Colo.1996); *Garrett v. Angelone*, 940 F.Supp. 933, 941 (W.D.Va.1996), *aff'd*, 107 F.3d 865 (4th Cir.1997); *see also Crawford v. Indiana Dep't of Corrections*, 115 F.3d 481, 487 (7th Cir.1997) (discrimination based on disability violates Equal Protection Clause). Because this Court has subject matter jurisdiction to hear plaintiff's claims, we turn to defendant's Rule 12(b)(6) motion to dismiss.

## II. *Failure to State a Claim*

### A. *Standards Governing Rule 12(b)(6) Motions*

Plaintiff complains that defendant terminated her in 1995 and refused to reinstate her in 1996 because of her race, disability, and in retaliation for pursuing a prior discrimination claim. Defendant contends that plaintiff's complaint is a patchwork of conclusory allegations unsupported by reference to specific facts sufficient to state a claim and fails to state a prima facie case. Defendant further contends that plaintiff was properly terminated pursuant to Section 71 of New York's Civil Service Law and, hence, fails to state a prima facie case of retaliation.

■■■ It is axiomatic that a Rule 12(b)(6) motion is decided by examination of the allegations contained in the four corners of plaintiff's complaint, documents appended to the complaint or incorporated by reference, and matters of which judicial notice may be taken. *Automated Salvage Transp., Inc. v. Wheelabrator Envl. Systems, Inc.*, 155 F.3d 59, 67 (2d Cir.1998). Matters of public record, including case law and statutes, may also be considered. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *petition for cert. filed*, U.S.L.W. (U.S. Oct. 21, 1998) (No. 98–661).

---

**5.** The Court takes judicial notice that defendant is a state actor. *See Castelli v. Nassau County Med. Ctr.*, 244 A.D.2d 379, 664 N.Y.S.2d 94, 95 (2d Dep't 1997) (noting that Nassau County Medical Center is a facility operated by the County of

Nassau); *see also O'Malley v. Nassau County Med. Ctr.*, 686 F.Supp. 62 (E.D.N.Y.1988) (Wexler, J.) (section 1983 action maintained against NCMC).

The Second Circuit recently summarized the rules governing the disposition of motions to dismiss under Rule 12(b)(6):

> A court's task in determining the sufficiency of a complaint is "necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint. *Id.* "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* A dismissal is warranted under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). In addition, in ruling on defendant's motion, the court must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

*Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 62 (2d Cir.1997). These rules are applied with special force both to pro se plaintiffs and to complaints that allege civil rights violations. *Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991).

A plaintiff need not set out in detail the facts upon which his claim is based, so long as he states his claim in a manner to give defendant fair notice of what his claim is and the grounds upon which it rests. *Greenberg v. New York State,* 919 F.Supp. 637, 640 (E.D.N.Y.1996) (citing *Conley,* 355 U.S. at 47, 78 S.Ct. 99). Therefore, where a complaint charges each element necessary to recover, dismissal of the case for failure to set out evidential facts can seldom be warranted. *Id.* at 640 (*United States v. Employing Plasterers Ass'n,* 347 U.S. 186, 188–89, 74 S.Ct. 452, 98 L.Ed. 618 (1954)). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Id.* (citing *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987)).

If the court wishes to consider matters outside the pleadings, it must treat the motion as one for summary judgment. *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 44 n. 2 (2d Cir.1997); *Kramer v. Time Warner,* 937 F.2d 767, 773 (2d Cir. 1991). However, a court need not convert a Rule 12(b)(6) motion to one for summary judgment merely because it has considered extrinsic evidence for purposes of resolving a Rule 12(b)(1) motion. *See Ensign–Bickford Co. v. ICI Explosives USA, Inc.,* 817 F.Supp. 1018, 1023 (D.Conn.1993).

### B. *Plaintiff's Racial Discrimination Claims*

As noted, this Court has jurisdiction to hear plaintiff's racial discrimination claims pursuant to § 1983. The same substantive legal framework applies to racial discrimination claims regardless of whether they are considered under Title VII or § 1983. *See Annis v. County of Westchester,* 136 F.3d 239, 245 (2d Cir.1998) (in analyzing whether conduct is unlawfully discriminatory for purpose of § 1983, burden shifting framework utilized in Title VII cases is applied) A plaintiff alleging discriminatory treatment, whether under Title VII or § 1983 bears the initial burden to plead facts sufficient to show that she is (1) a member of a protected class; (2) was qualified for a particular position; (3) was passed over for or fired from the position; and (4) the rejection or discharge occurred in circumstances giving rise to an inference of discrimination. *See Julian v. New York City Transit Auth.,* 857 F.Supp. 242, 249 (E.D.N.Y.1994), *aff'd,* 52 F.3d 312 (2d Cir.1995).

With respect to the claim of racial discrimination, however, plaintiff's complaint and attachments merely assert in conclusory fashion that she was terminated because of her race. A complaint consisting of nothing more than this sort of naked assertion, setting forth no facts upon which a court could

find that plaintiff's termination was based on her race, fails to state a claim under Rule 12(b)(6). *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) (dismissing Title VII claim); *Julian*, 857 F.Supp. at 249 (dismissing Title VII claim under Rule 12(b)(6) where allegations failed to state claim's essential elements). Plaintiff's claim of racially discriminatory termination and failure to rehire is dismissed without prejudice.

### C. *Plaintiff's Disability Claim*

With respect to plaintiff's claim that she was terminated because of her disability, plaintiff stands in better position. She alleges that her disability relates to her back and carpal tunnel problems. The documents attached to the Complaint indicate she was terminated from her position as a custodial worker because of a job-related injury and not rehired because she was unable to return to her position. Although the allegations are meager and require a fair amount of inference in her favor, this Court cannot say that plaintiff has failed to state sufficient facts to give defendant fair notice of what her claim is and the grounds upon which it rests. *Greenberg*, 919 F.Supp. at 640. As to whether defendant's decision to terminate plaintiff and not rehire her pursuant to the Civil Service Law was in violation of federal civil rights law is a matter of fact that cannot be determined in a motion to dismiss under Rule 12(b)(6).

### CONCLUSION

For the reasons cited above, plaintiff's Title VII claim is DISMISSED with prejudice for lack of subject matter jurisdiction. To the extent plaintiff's racial discrimination claim could be pursued under § 1983, it is DISMISSED without prejudice for failure to state a claim. Defendant's motion to dismiss the ADA claim is DENIED and may proceed on theories of disability discrimination and retaliation.

SO ORDERED.