**Denise BLUMBERG, Plaintiff,**

v.

**NASSAU HEALTH CARE CORPORATION doing business as Nassau University Medical Center, Defendants.**

**No. 04–cv–04063 (ADS)(ETB).**

United States District Court, E.D. New York.

July 8, 2005.

Leonard Nathan Flamm, Esq., New York, NY, for Plaintiff.

Clifton, Budd & Demaria, LLP, by Shaffin Abdul Datoo, Esq., of Counsel, New York, NY, for Defendant.

SPATT, District Judge.

This is a motion by Nassau Health Care Corporation, doing business as the Nassau University Medical Center ("NUMC" or the "Defendant") to: (1) dismiss the claims of Denise Blumberg (the "Plaintiff") brought under American with Disabilities Act (the "ADA"); and (2) strike the Plaintiff's demand for punitive damages. The Defendant contends that the Plaintiff is barred from bringing an ADA claim against it because the NUMC is a public entity and state actor that is immune to such suits under the Eleventh Amendment. For the reasons that follow, the motion to dismiss is denied and the motion to strike is granted.

## I. BACKGROUND

The Plaintiff was hired by the Defendant as a Pediatric Endocrinologist in February 1991 and was promoted to the position of Director of Pediatric Endocrinology in February 1992. On September 5, 2003, the Plaintiff was diagnosed with breast cancer and needed to take time off for surgery and chemotherapy. In October 2003, she submitted a catastrophic sick leave request, which asked for sick leave until October 27, 2003, and that she be able to work thereafter with the exception of the two days per month when she would

be receiving chemotherapy treatment. On October 24, 2003, the Plaintiff was terminated without being given a reason. The Plaintiff claims that her termination was willful and motivated by disability-discriminatory animus.

The sole issue before the Court in this motion is whether the Eleventh Amendment bars the Plaintiff from bringing an ADA claim against the Defendant. The Plaintiff, in her memorandum of law in opposition to the Defendant's motion to dismiss portions of the complaint, conceded that punitive damages may not be sought here. As such, the motion to strike the punitive damages claim is granted. The Court will now discuss the question of whether the NUMC is entitled to Eleventh Amendment immunity.

## II. DISCUSSION

### A. Rule 12(b)(1) Standard

■ The Eleventh Amendment bars "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000) (citing *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 669–670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). Therefore, a motion to dismiss on the ground of state immunity is a jurisdictional matter properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

When considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120

L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992).

### B. The American's with Disabilities Act

The ADA is a comprehensive statute that prohibits the discrimination of individuals with disabilities. "It forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *See Tennessee v. Lane,* 541 U.S. 509, 516–17, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004).

Although the provisions of Title I expressly cover employment, courts have held that the language of Title II is broad enough to also encompass claims of employment discrimination against public entities. *See Transp. Workers Union v. N.Y. City Transit Auth.,* 342 F.Supp.2d 160, 173 (S.D.N.Y.2004) ("Given th[e] broad congressional mandate, it is certainly at least a plausible reading of Title II that it covers employment discrimination."); *Bledsoe v. Palm Beach County Soil & Water Conservation Dist.,* 133 F.3d 816, 820 (11th Cir.1998); *Coleman v. Town of Old Saybrook,* No. 03–1275, 2004 WL 936174, at *2-3, 2004 U.S. Dist. LEXIS 7442, at *8 (D.Conn.2004); *see also Castellano v. City of New York,* 142 F.3d 58, 70 (2d Cir.1998) (assuming without deciding that employees may allege a violation of Title II against

their employers). *But see Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169 (9th Cir.1999) (holding that Title II does not cover employment discrimination). Whether Title II covers employment discrimination may seem academic, but as will be discussed below, the distinction becomes important when asserting claims against the State or one of its agencies due to the Eleventh Amendment.

## C. The Eleventh Amendment

■ The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A State is thus immune from suits in federal court brought by its own citizens, and such immunity extends to officers acting on behalf of the State. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144–47, 113 S.Ct. 684, 687–89, 121 L.Ed.2d 605 (1993).

In *Bd. of Trs. of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 961, 148 L.Ed.2d 866 (2001), the Supreme Court concluded that an action against a State seeking money damages under Title I of the ADA was barred by the Eleventh Amendment. *Id.* The Supreme Court in *Garrett* did not address the issue of whether a State was immune under Title II of the ADA. *Id.* at 360, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866. However, the Second Circuit has addressed that issue in stating that "a private suit for money damages under Title II of the ADA may ... be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability." *Garcia v. SUNY Health Sciences Center of Brook-*

*lyn,* 280 F.3d 98, 112 (2d Cir.2001); *see also Lane,* 541 U.S. at 516–17, 124 S.Ct. 1978, 158 L.Ed.2d 820; *Henrietta D. v. Bloomberg,* 331 F.3d 261, 288 (2d Cir. 2003). Therefore, a claim under Title II of the ADA may be maintained against a State, but a State is immune from a suit brought under Title I.

In this case, the Plaintiff's complaint does not specify under what title of the ADA she is proceeding. However, the complaint does allege that her termination was willful and motivated by disability-discriminatory animus. This is sufficient to state a claim against the Defendant under Title II regardless of whether it is considered part of the State or not. Since the Plaintiff appears to also be asserting a violation of Title I of the ADA, the Court must decide whether the NUMC is considered part of the State for purposes of Eleventh Amendment Immunity.

■ The Eleventh Amendment only applies to States and its agencies. It is well-settled that Immunity from suit under the Eleventh Amendment "does not apply to suits against counties, municipal corporations, and other political subdivisions...." *Mancuso v. New York State Thruway Authority,* 86 F.3d 289, 292 (2d Cir.1996). In order to establish immunity, the entity claiming it must "demonstrate that it is more like 'an arm of the State,' such as a state agency, than like 'a municipal corporation or other political subdivision.'" *Id.* (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977)).

In deciding the issue of immunity, the Second Circuit looks at six factors, which were derived from the Supreme Court decision in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). The six factors include:

(1) how the entity is referred to in the documents that created it; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's obligations are binding upon the state.

*Mancuso*, 86 F.3d at 293. While considering these six factors, courts are mindful that the "Eleventh Amendment's core concern" is whether the State treasury is obligated to pay the funds of the entity. *Hess v. Port Authority Trans–Hudson Corp.*, 513 U.S. 30, 51, 115 S.Ct. 394, 406, 130 L.Ed.2d 245 (1994). With these factors and principles in mind, the Court will examine New York State's statutory basis for the Defendant's existence to determine whether it is "an arm of the state."

The NUMC is a public benefit corporation created by the New York State legislature to provide health care services and health facilities for the benefit of the residents of the State of New York and the County of Nassau. *See* N.Y. Pub. Auth. Law § 3401–18 (McKinney's 2005). Under New York law, a public benefit corporation is "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof." N.Y. Gen. Constr. Law § 66(4).

When the NUMC was created, it acquired the Nassau County Medical Center and all of its employees, services, and facilities were transferred to the newly created public benefit corporation. N.Y. Pub. Auth. Law § 3403. Prior to this transfer, the Nassau County Medical Center was a municipal corporation and it was well-settled that it did not enjoy Eleventh Amendment Immunity. *Hamad v. Nassau County Med. Ctr.*, 191 F.Supp.2d 286, 305 (E.D.N.Y.2000).

Under the cloak of public benefit corporation, NUMC enjoys the ability to acquire property by condemnation, and exemption from taxes and certain fees. N.Y. Pub. Auth. Law §§ 3404 & 3414. The NUMC is governed by fifteen directors, eight of whom are appointed by the Governor of New York, and it is subject to the New York Civil Service Law. N.Y. Pub. Auth. Law §§ 3402 & 3403. However, the NUMC, and not the State or Nassau County, is solely responsible for the payment of any municipal bonds that it is authorized to issue. Likewise, under Sec. 3409(a) of the New York Public Authority Law, the bonds or notes of the Defendant are not considered a debt of the State. Also, the law explicitly permits the NUMC to "sue or be sued." *Id.* § 3404(1).

In *Mancuso*, the Second Circuit held that a similar New York public benefit corporation, namely the New York State Thruway Authority, was not an "arm of the state." *Mancuso*, 86 F.3d at 297. In that case the Second Circuit found that the Thruway Authority was structured to be self sustaining. *Id.* at 296. The State was not liable for the Thruway Authority's notes or bonds, and the N.Y. Const. Art. X, § 5 "expressly provides that the state shall not be liable for the obligations of public corporations...." The court also noted that a judgment against the Thruway Authority would not have the practical effect of requiring payments from the New York treasury, as there was no evidence that the Thruway Authority would have difficulty satisfying a judgment. *Id.*

■ The Court finds that the structure of the NUMC is very similar to the Thruway Authority. In analyzing its statutory authorization, it appears that the NUMC is not a "traditional state agency," and more like a public entity that is for the

most part self-funded. Except for the Governor's appointment of eight of its directors, the State exercises no control over the NUMC. Unlike the Thruway Authority, the Court finds that the NUMC is not even closely associated with the state. Rather, the NUMC is closely associated with its predecessor, the Nassau County Medical Center, which was a municipal corporation that was not entitled to Eleventh Amendment Immunity. Indeed, from the evidence provided, the Court finds that the State has given the NUMC an existence quite independent from the State, much like its predecessor the Nassau County Medical Center, and that it exercises minimal authority over the NUMC.

The Defendant contends that it is entitled to immunity because courts have held that the NUMC is a "state actor," citing *Hamad*, 191 F.Supp.2d at 297, and *Magee v. Nassau County Med. Ctr.*, 27 F.Supp.2d 154, 159 (E.D.N.Y.1998). However, the mere fact that the NUMC is a state actor is not dispositive or even helpful to the issue. In fact, municipalities and counties are considered "state actors" for certain purposes, but are not agencies of the state entitled to Eleventh Amendment Immunity. *See Mt. Healthy*, 429 U.S. at 280, 97 S.Ct. 568, 50 L.Ed.2d 471.

The Defendant also asserts, without mentioning any of the factors stated above, that it is entitled to Eleventh Amendment Immunity because the "Eastern District of New York *has already found* that the [NUMC] is a New York State agency, *Gutt v. Nassau Health Care Corporation*, Index No. 04 cv 0057, at *2 (E.D.N.Y.2005)." Def.'s Reply Mem. at 1. In support of this assertion the Defendant attached a transcript of an oral argument in the *Gutt* case, apparently on a motion to dismiss on the basis of Eleventh Amendment Immunity. An examination of the transcript reveals that the Defendant's bold assertion

has no merit. In the *Gutt* case, the Plaintiff stipulated to withdrawing certain claims before the court issued its decision on the issue because counsel for the Plaintiff believed that the NUMC was a state agency entitled to immunity. Although the court stated that section 3401 "indicates" that the NUMC is a state agency, this Court is unable to determine whether that statement was the court's determination or simply a rhetorical question posed to one of the parties. Assuming the court in *Gutt* had determined that the NUMC is a state agency, this Court is by no means bound by that court's decision. Indeed, from the information provided by the Defendant in this motion, it is quite clear that the NUMC is not a state agency entitled to Eleventh Amendment Immunity. Accordingly, the NUMC's motion to dismiss based on Eleventh Amendment Immunity is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant's motion to strike the Plaintiff's punitive damages claim is **GRANTED**; and it is further

**ORDERED,** that the Defendant's motion to dismiss the complaint based on Eleventh Amendment Immunity is **DENIED.**

**SO ORDERED.**